CHARLES T. DERRY & others *vs.* J. HENRY FLITNER & others.

Suffolk. March 18, 19. — June 25, 1875. AMES & ENDICOTT, JJ., absent.

The plaintiff, the owner of a vessel employed in building a sea wall, was given by the owner of the wall the exclusive right to use the wall as a place of safety for his vessel in case of a storm. The defendant, the master of another vessel, without permission, placed his vessel behind the wall, and refused to move it when requested. *Held*, that an action for such tortious act would lie.

One who commits a tortious act is liable for any injury which is the natural and probable consequence of his misconduct; and he is not exonerated from liability by the fact that intervening events contribute to the injury.

The owner of a sea wall gave the plaintiff, the owner of several vessels employed in building the wall, the right to lay his vessels at the wall as a place of safety, in case of a storm. The defendant, the master of another vessel, without permission placed

his vessel behind the wall and refused to move it when requested, the plaintiff
desiring to place two of his vessels there as a place of safety against a storm. The
two vessels were sunk by the storm. The judge, before whom the case was tried
without a jury, found that the storm was such as is not uncommon in this climate,
and that the injury would not have occurred but for the wrongful act of the de-
fendant. *Held,* that the findings of the judge on questions of fact were final · and
that the plaintiff was entitled to recover.

TORT against the owners, and S. A. Dutch, the master, of the
schooner Dione, for " laying the defendants' vessel at the wharf
of the Boston Gas Light Company, on November 23, 1873, without
the permission of said company, and in violation of the rights of
the plaintiffs ; " and for " refusing to remove said vessel therefrom,
though requested to do so, until the 25th of said November, by
reason of which tortious acts of the defendants the plaintiffs were
unable to lay two vessels belonging to them, and employed by
them in the carriage of stone to said wharf, — the sloop Jenny
Lind and the sloop General Grant, — at said wharf, as they were
entitled to do by virtue of a contract between them and said Gas
Light Company, and were obliged to maintain them in an unsafe
and exposed position, whereby said vessels were sunk and greatly
damaged." As special damages, besides the necessary expense of
raising and repairing the vessels, the sum of twenty dollars per
day for loss of the use and services of said vessels, under a con-
tract between the plaintiffs and said Gas Light Company, was
claimed, for fourteen days, being the time for which said use and
services were lost. The answer admitted that the Dione was laid
at said wharf on the day alleged, but denied that it was done in
violation of the rights of the plaintiffs, or that there was any
refusal to remove her, and it denied any liability for special dam-
ages or otherwise.

Trial in the Superior Court, before *Aldrich,* J., without a jury,
who ordered judgment for the plaintiffs against the defendant
Dutch, and allowed a bill of exceptions, the substance of which
appears in the opinion of the court.

*F Dodge,* for the defendant Dutch.

*C P. Greenough,* for the plaintiffs.

MORTON, J. The plaintiffs were engaged in building a sea
wall for the Boston Gas Light Company, around and in front of
their wharf at Commercial Point. There was evidence tending
to show that the Gas Light Company had given to the plaintiffs

the exclusive right to use the wall to lay their vessels at as a place of safety in case of storms.

The judge, who tried the case without a jury, has found that the plaintiffs had such exclusive right, and it is not our province to revise his findings upon any questions of fact. The defendant Dutch, therefore, had no right to use the wall to the exclusion of the plaintiffs' vessels, and having done so, and having refused to remove his vessel when requested, he is guilty of a violation of the plaintiffs' rights, for which they may recover, in this action of tort, whatever damages they sustained by reason of the tortious acts of the defendant. The ruling of the Superior Court to this effect was correct.

The defendant contended, and asked the court to rule, " that the damage alleged and proved is too remote from the act complained of, and is not the proximate consequence of the same sufficiently in law to render the defendants or any of them liable therefor."

The facts bearing upon this question are as follows : At the time of the accident, the plaintiffs had several vessels engaged in bringing and laying stone for the construction of the sea wall. Most of the wall had been built only up to low water mark, but the plaintiffs, in the beginning of the work, had built about two hundred feet of the wall to a height of thirteen feet above low water mark, for the purpose of furnishing a safer place to lay their vessels at in case of easterly winds or heavy seas. They could lay two of their vessels behind this high part of the wall. On the night of the accident this part of the wall was wholly occupied by the defendant's schooner, so that there was no room for any other vessel. The plaintiffs had five vessels at the sea wall. About five o'clock it began to blow strongly from the eastward ; the storm increased during the night, and about eleven o'clock two of the plaintiffs' vessels were sunk. The court found as a fact that the storm was such as is not uncommon in this climate.

The defendant contends that the injury to the plaintiffs was the result of the storm solely, and that he is not liable for it, although his exclusion of the plaintiffs' vessels from a place of safety behind the wall was tortious. The cases upon this subject are numerous. The rule is well settled and is constantly applied in this Commonwealth, that one who commits a tortious act is

liable for any injury which is the natural and probable consequence of his misconduct. He is liable not only for those injuries which are caused directly and immediately by his act, but also for such consequential injuries as, according to the common experience of men, are likely to result from his act. And he is not exonerated from liability by the fact that intervening events or agencies contribute to the injury. The true inquiry is whether the injury sustained was such as, according to common experience and the usual course of events, might reasonably be anticipated. A few of the more recent cases are cited. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. *Metallic Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277. *Salisbury* v. *Herchenroder*, 106 Mass. 458. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64. *Carter* v. *Towne*, 98 Mass. 567. *McDonald* v. *Snelling*, 14 Allen, 290.

Applying these principles to the case at bar, we are of opinion that the injury to the plaintiffs' vessels by the storm was an injury which was reasonably to be apprehended as a consequence of their exclusion from the place of safety furnished by the sea wall. The wall was built for protection against storms. It is found as a fact that the storm which arose was not an uncommon one in this climate. It was reasonably to be anticipated that such a storm might arise, and that vessels exposed to it would be in danger of injury. The wrongful act of the defendant, in taking and retaining exclusive possession of this place of safety, exposed the plaintiffs' vessels to the dangers of the storm, and the injury which they sustained was the natural and probable consequence of this wrongful act. Within the rule above stated, the defendant is liable for such injury.

The defendant now contends that, as the plaintiffs had four vessels which they were accustomed to lay at the place occupied by his schooner, it was not and cannot be shown that the two vessels which were sunk would have occupied the place if his schooner had not been there. This presents a question of fact and not of law. It was a fact capable of proof with such reasonable certainty as the law requires, that the two vessels sunk would have been placed there for safety. The presiding judge has found this fact in favor of the plaintiffs. There is some evidence reported in the bill of exceptions tending to prove this fact, and

it does not appear that all the evidence is reported. We cannot say as matter of law that the finding was erroneous.

The same considerations dispose of the only other point taken by the defendant, viz., that it was not proved that the two vessels sunk would have been entirely safe if they had occupied the place behind the sea wall. This is a question of fact upon which there was some evidence, and we cannot revise the finding of the court upon it. *Exceptions overruled.*