EDWINA M. SPICER vs. LYNN AND BOSTON RAILROAD
COMPANY.

Suffolk.    March 13, 1889. — May 10, 1889.

Present : MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Declaration — Demurrer — Surplusage — Proximate Cause.*

A declaration against a street railway company alleged in one count that the plaintiff, a woman, took passage in one of its cars for B., the terminus of the line, and paid her fare ; that while the car was on its way she was ordered to leave it, and afterwards forcibly expelled ; and that, in consequence of the expulsion together with the defendant's neglect of duty in not carrying her to B., and of her walk thereto in order to reach her home, she was injured ; and in another count, after reciting the same facts, further alleged that, after her expulsion from the car, the plaintiff " walked to B., her home, there being no other way or means of reaching B.," and that she was injured by the expulsion, by the neglect to carry her, and by the walk. Due care on the plaintiff's part was alleged in each count. *Held,* on demurrer, that the plaintiff under the first count could recover for injuries resulting from her expulsion, and that under the second count she might recover, not only for such injuries, but for those resulting from her walk to B., if that was the natural and probable consequence of the defendant's act.

TORT. The second count of the declaration, which was amended by striking out the first count, was as follows : " And the plaintiff says the defendant is a corporation owning and operating a railroad from Lynn to Boston, and particularly from Revere Beach, so called, to Boston, and is a common carrier of passengers between said places by means of street railway cars drawn by horses over defendant's railroad; that on the thirty-first day of July, A. D. 1887, on or about that date, at the request of defendant, she took a seat in one of defendant's cars for the purpose of being carried to Boston from a place at or near Revere Beach so called, and paid the fare fixed by defendant to defendant's servant and agent in charge of said car. After proceeding some distance toward Boston, defendant's servant and agent in charge of said car required and compelled plaintiff to get out of said car, and directed her to take another car for Boston, which the plaintiff did do; and after proceeding a short distance farther toward Boston, defendant's agent and servant in charge of said car caused it to be stopped, and

neglected and refused to allow plaintiff to ride in said car. The defendant, its agent and servant, ordered plaintiff to leave said car, and forcibly expelled her therefrom, contrary to the duty of the defendant. In consequence of her wrongful expulsion from defendant's car, the defendant's neglect of duty in not carrying her to Boston, as it was the duty of the defendant to do, and of her walk to Boston in order to reach her home, she was made severely ill for a long time, and suffered great bodily pain and anguish of mind, to her great damage. The plaintiff avers that she was at all times in the exercise of due care."

The third count of the declaration was as follows: "The plaintiff says the defendant is a corporation owning and operating a railroad by means of street railway cars, drawn by horses over defendant's railroad, between Boston, Revere Beach, so called, and Lynn, in the Commonwealth of Massachusetts, and is a common carrier of passengers between said places. On or about the thirty-first day of July, A. D. 1887, the plaintiff, at the request of defendant, entered one of defendant's cars then about starting for Boston, to which place she was intending to proceed, and paid the regular fare established by defendant to Boston, to defendant's agent and servant in charge of said car; whereby plaintiff became a passenger entitled to be conveyed to Boston, and it became the duty of defendant to convey plaintiff to Boston. But defendant, its agents and servants, being wholly regardless of their duty in the matter, refused, without cause, to carry plaintiff, and wrongly compelled plaintiff to leave said car, and refused to permit plaintiff to ride upon its cars to Boston, although requested by plaintiff so to do. The plaintiff walked to Boston, her home, there being no other way or means of reaching Boston, all which was well known to the defendant, its agents and servants. In consequence of defendant's refusal to convey plaintiff, and of her walk home to Boston, and her being compelled to leave defendant's cars, she was made severely ill, and has sustained severe injuries, and has suffered great bodily pain and anguish of mind, to her great damage. The plaintiff avers that during all the time she was in the exercise of due care."

The defendant demurred to each count, "because it therein appears that the alleged damage to the plaintiff was occasioned

by reason of her walking to Boston, and not by the sole act or neglect of the defendant."

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. R. Elder,* for the plaintiff.

*T. P. Proctor & E. Tappan,* (*B. W. Warren* with them,) for the defendant.

DEVENS, J.   The second count of the plaintiff's declaration in tort (the first having been withdrawn) alleges that the plaintiff took passage in the car of the defendant, a common carrier of passengers from Revere to Boston, paying her fare to the defendant's servant, who was in charge; that when the car had proceeded some distance towards Boston she was directed to change into another car, which she did, and that thereafter, while on the way towards Boston, she was ordered by the defendant's servant to leave said car, and was forcibly expelled therefrom.   She alleges that, " in consequence of her wrongful expulsion from defendant's car, the defendant's neglect of duty in not carrying her to Boston, as it was the duty of the defendant to do, and of her walk to Boston in order to reach her home, she was made severely ill for a long time, and suffered great bodily pain and anguish of mind, to her great damage."   It may be inferred, perhaps, from this, that the plaintiff did walk to Boston, but there is no distinct allegation that she did so, or that she was subjected to any such inconvenience as required her to do so.

It is the contention of the defendant, that two causes of injury to the plaintiff are thus set forth, one the act of the defendant, one that of the plaintiff herself, not alleged to have been caused or rendered necessary by any act of the defendant, and that from these combined but distinct causes the injury to the plaintiff resulted; and that it is therefore not alleged to have been occasioned by the defendant's act alone.   Under this count the plaintiff cannot recover for any damage occasioned by her walking, or the necessity, if any, that she was under to do so; but the allegation that she was wrongfully and forcibly expelled from the car is a clear averment of a tortious act by the defendant, for the consequences of which it is responsible, and the count may be

treated as if the allegation as to the walking were omitted, leav. ing the plaintiff to recover upon this count for such damage as she shall show proceeded from her expulsion. When several acts done to a plaintiff are combined in an allegation as causing him injury, some of which the plaintiff may fail to prove, or for some of which the defendant may not be responsible, it would be construing a declaration too narrowly to hold that unless all were proved there could be no recovery.

In the case at bar, the question we have been discussing is of little importance, as the third count distinctly alleges not only that the plaintiff was wrongfully compelled to leave the defendant's car, but that the plaintiff, after being compelled to leave the defendant's car, " walked to Boston, her home, there being no other way or means of reaching Boston"; and it alleges injury to her to have been occasioned by the defendant's refusal to convey the plaintiff, by her being compelled to leave the defendant's car, and by her walk to Boston. This sufficiently alleges that her walk to Boston was occasioned by the act of the defendant in compelling her to leave the defendant's car, and under this count she may recover for the damages occasioned not only by her expulsion from the car, but also by her walk to Boston, if she shall show that this was the natural and probable conse. quence of the defendant's act, she herself not being negligent, but, as she avers, in the exercise of due care.

That a person entitled to be carried to his destination, if set down at a wrong place, or if removed from the car in which he was being transported before the termination of the journey, would be put to serious inconvenience, and would be obliged to extricate himself therefrom, is to be anticipated. The wrongdoer is liable not only for those injuries which are caused directly and immediately by his act, but also for such consequential injuries as according to common experience are likely to result. Nor is he exonerated from liability by the fact that intervening events or agencies contribute to the injury. *Derry* v. *Flitner*, 118 Mass. 131. The fact that injury to the plaintiff is immediately caused by her own act in walking would not relieve the defendant from liability, or make the injury one that did not directly result therefrom, if such walk was practically necessary, and if the plaintiff was guilty of no want of due care in undertaking it.

Whether the plaintiff may recover for the injury to her health arising from her walk, or from that in connection with her physical condition at the time, or whether one under similar circumstances is to be limited strictly to the inconvenience sustained, the time lost, and the expenditures incurred, have been questions much considered. We do not think it advisable to discuss them in an inquiry which brings before us only the sufficiency of the plaintiff's declaration.                    *Demurrer overruled.*