DANIEL McCAULEY *vs.* JAMES A. NORCROSS & another.

Suffolk. November 20, 1891. — February 25, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP. & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence of Superintendent.*

In an action under the St. of 1887, c. 270, § 1, cl. 2, for personal injuries occasioned to the plaintiff while in the defendant's employ through the alleged negligence of the defendant's superintendent, there was evidence that the defendant was erecting a large building, and employed the plaintiff as a laborer thereon; that some iron beams, about four and a half feet long and weighing about forty pounds each, were placed about three and a half feet from an opening in one of the floors, and had been there for two or three days before the accident; that the defendant's superintendent, who was on crutches, and in the exercise of his duties was walking about the floor upon which the beams were placed, in order to pass between a pile of planks and these beams, pushed one of the beams with his foot; and that the beam swung around on the other beams and fell off from them and down through the hole in the floor upon the plaintiff, who was at work on the floor below and was in the exercise of due care, and injured him. *Held*, that the case was properly submitted to the jury.

TORT, under the St. of 1887, c. 270, § 1, cl. 2, for personal injuries occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Dunbar*, J., who allowed a bill of exceptions, in substance as follows.

At the time of the accident, the defendants were engaged as contractors in the erection of a large building on State Street, in Boston. The plaintiff, a laborer employed by them, was

working on the second floor of this building. The third floor was all planked over, with the exception of one or more holes about six feet in length, and about six inches wide, which were left open for the purpose of occasionally hauling up materials, and to enable the workmen to fasten the ropes of a large arm derrick, which they were using at the time, to iron columns above. On the floor, near one of these holes, were a few iron beams, which had been there for two or three days. These beams were window lintels, about four and a half feet long, and weighing about forty pounds each. The plaintiff was wheeling a barrow of tiles across the second floor, and while he was near the centre of the floor one of these beams fell through this hole in the third floor, and caused the injuries complained of. It was admitted that the plaintiff was engaged in his regular occupation at the time, and that he was in the exercise of due care.

One Clark was the general superintendent in the service of the defendants, and was intrusted with and in charge of the construction of this building; and it was admitted that his sole or principal duty was that of superintendence. He testified that he had given no orders as to the placing of these beams, except the general order to the men to hoist the beams and place them on the floor so soon as they were left at the building; that at the time of the accident the beams were placed about three and one half feet from the hole; that he was on crutches, walking about the third floor, in the exercise of his duties, and while so walking about, in order to pass between a pile of planks and these beams, he pushed one of the beams with his foot; and that the beam swung around on the other beams, and fell off from them and down through the hole in the floor upon the plaintiff, while he was working on the floor below.

The defendants requested the judge to rule that, upon all the evidence, the plaintiff could not recover. The judge refused so to rule, and submitted the case to the jury.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

The case was argued at the bar in November, 1891, and afterwards was submitted on the briefs to all the judges.

*J. Lowell, Jr.,* (*S. H. Smith* with him,) for the defendants.

*J. D. Long,* for the plaintiff.

ALLEN, J.   The only exception taken was to the refusal to rule that upon all the evidence the plaintiff could not recover. We therefore have only to consider whether, in any aspect of the case, upon the facts and testimony stated, there was anything for the jury.

It appears that near an open hole in the floor a few iron beams were placed, which had been there for two or three days.   These beams were about four and a half feet long, and weighed about forty pounds each.   They were about three and a half feet from the hole.   The defendant's superintendent, Clark, being on crutches, and walking about the floor upon which the beams were placed, in order to pass between a pile of planks and these beams, pushed one of the beams with his foot.   The beam swung around on the other beams, and fell off from them, and down through the hole, on to the plaintiff. Upon these facts, the jury might find that the iron beams were negligently so placed and left that one of them would be liable, from a slight inadvertent push of the foot of a passer by, to fall through the hole.   Being left in this condition for two or three days, the jury might infer a lack of due and proper superintendence.   Allowing such things to be negligently left for so long a time in a position where they were likely or liable to be toppled over, and one of them to fall through the hole in the floor, would warrant a finding of negligence on the part of the superintendent in exercising superintendence.

The fact that the superintendent himself happened to be the person who pushed the beam with his foot is of no importance, because that was not an act of superintendence.

If the beams were so left that one of them would be liable, as a natural consequence, from some intervening cause or agency, to be so moved that it might fall through the floor, the fact that an intervening act or agency occurred which directly produced the injurious result would not necessarily exonerate the defendants from responsibility.   Superintendence is necessary in order to guard against injuries from such intervening and inadvertent acts of careless persons as are likely to happen and ought to be guarded against.   The question is whether the moving of a beam was so likely to occur that it ought to have been provided against by the superintendent.   It might be found that the beams were

negligently left near the hole in the floor, where they were likely or liable to be toppled over so that one of them might fall through the hole, and thus injure some one below, and that this was the proximate cause of the plaintiff's injury, although some careless person came along and toppled them over. *Derry* v. *Flitner*, 118 Mass. 131. *Salisbury* v. *Herchenroder*, 106 Mass. 458. *McDonald* v. *Snelling*, 14 Allen, 290, 294, 296. *Eaton* v. *Boston & Lowell Railroad*, 11 Allen, 500. *Stock* v. *Boston*, 149 Mass. 410, 414. *Spicer* v. *Lynn & Boston Railroad*, 149 Mass. 207, 210. *Smethurst* v. *Barton Square Church*, 148 Mass. 261, 265. *Clifford* v. *Atlantic Mills*, 146 Mass. 47. *Hayes* v. *Hyde Park*, 153 Mass. 514.

In the opinion of a majority of the court, the entry must be,

*Exceptions overruled.*