# Tennessee Coal, Iron & R. R. Co. v. Bonner.

## *Injury to Servant.*

### (Decided Dec. 16, 1909.  51 South. 145.)

1. *Master and Servant; Duty of Superintendents.*—The law does not require of the master the duty to have his superintendent stand over every pot of molten iron that is to be carried by his servants to molds to see that the pot is properly filled; the servants can as well see to this as the superintendents.

2. *Same; Duty to Guard Against Negligence of Servant.*—It is the duty of a superintendent of a master to guard against acts of carelessness liable to happen, and hence, the leaving of a flask in a

walkway in a foundry which would constitute a probable source of danger to servants carrying ladles of hot metal, if it was so obvious a danger or had remained there so long that the failure of the superintendent to discover and remove it would amount to a lack of due care, would constitute negligence on the part of the superintendent rendering the master liable although the flask was left there through the negligence of a fellow servant of a servant injured thereby.

3. *Trial; Refusal of Request; Charges in Bulk.*—Although charges were written upon a single piece of paper, if they were acted upon separately by the court as separate charges, and separate exceptions reserved to the refusal to give each charge, they were not asked in bulk and the fact that one of them was faulty would not save error in refusing them all.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Ed Bonner against the Tennessee Coal, Iron & Railway Company, for injuries received in the course of his employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY, BENNERS & BURR, for appellant.—Counsel discuss the assignments of error, but without citation of Authority.

W. T. EDWARDS, for appellee.—Counsel discuss the assignments of error and insist that under the following authority, the charges were asked in bulk, and that if any of them were bad, the court was authorized to refuse them all.—*Town of Vernon v. Wedgeworth,* 148 Ala. 496; Sec. 5364, Code 1907.

SAYRE, J. —Assignments of error on this appeal relate to the refusal of the trial court to give the general charge for the defendant (appellant) on each of the counts 1, 2, 3, 4, 5, and 7, and the refusal to exclude the evidence on motion of the defendant.

There was controversy in respect to the manner in which plaintiff received his injury, but we will state

the case made by the testimony of the plaintiff, who was his own sole witness, in that aspect of it most favorable to his right of recovery. Plaintiff was a helper in defendant's foundry where castings were made. Molds or flasks had been prepared and were arranged in rows upon the earthen floor of a large room, called the "dog house," and molten iron was being carried in shanks or ladles from the cupola to the molds. It was the business of the molders to make the molds and to arrange them in rows on the floor so as to leave passageways between them. One Owens was foreman in the foundry department of the defendant's business, and it was his duty to look after the men, lay out the work for them, and look after things generally. Two men were carrying a laddle of molten iron, which depended from parallel bars or handles between which they walked, one before, the other behind, the pot of iron. Before the iron could be poured into a mold, it was necessary that the man in front of the pot should face about, and while this was being done it was necessary that others should hold up his end of the laddle. Owens called upon the plaintiff to "come and hold up." Plaintiff went along with the ladle, and just before it reached its destination, and just as plaintiff was "fixing" to take hold of it, the man in front stumbled over a small flask or mold which had been left in the passageway, with result that the pot of iron was overturned and plaintiff was burned.

It is entirely clear, on the evidence for the plaintiff, which we have set out according to its tendencies, that plaintiff's injury must be attributed to the presence of the flask in the walkway, and the negligence, if any, which allowed it to remain there. There is a total lack of evidence that the ladle was defectively constructed, or would have been better adapted to its uses if con-

structed differently. There is likewise no evidence that, but for the presence of the dislocated flask, the walkway was not arranged with due regard for the safety of those who had to use it. Nor was there evidence that Owens, who is alleged in the third count to have negligently ordered plaintiff to "hold up," knew of the presence of the flask in the walkway, and hence no evidence that the order was negligently given, when it is considered with reference to the only circumstance which could have made it negligent, namely, knowledge of the presence of the flask in the walkway. Nor, further, was there evidence having any tendency to show that the manner of filling the flask imported into that operation any danger which did not inhere in the performance of that operation in the reasonable conduct of defendant's business for the purpose for which presumptively it was conducted, namely, the realizing of a reasonable profit on its investment with a reasonable regard for the human agencies through which it was to be realized. Certainly there can be no warrant in law or reason for the idea that proper superintendence required that the superintendent must stand over every pot, to see what plaintiff might as well see for himself; i. e., that the pot was properly filled. The defendant was therefore entitled to the general affirmative charge as to counts 1, 2, 3, 4, and 5, and for the refusal of them the judgment must be reversed.

The seventh count was properly submitted to the jury. Prima facie the flask was in the walkway by the negligence of the molders, fellow servants of the plaintiff, not within the remedial influence of the statute. But superintendence is necessary to guard against acts of carelessness likely to happen, and which ought, therefore, to be guarded against. If the flask, constituting a probable source of danger to employes carry-

ing ladles of hot metal along the walkway, was so ob-
vious a source of danger, or had remained so long in
the walkway as that the failure of the superintendent
to discover and remove it must by the jury be taken to
reasonably imply the absence of due care in that re-
gard, then the jury would be authorized to find that
the superintendent had been negligent in the exercise
of superintendence.—*Kansas City, M. & B. R. R. Co.
v. Burton,* 97 Ala. 240, 12 South. 88; *McCauley v. Nor-
cross,* 155 Mass. 584, 30 N. E. 464.

But the charges, by which separately the defendant
sought to have the jury instructed to a finding for it as
to each of the counts, were written upon a single sheet
of paper, and the appellee now insists on the authority
of *Town of Vernon v. Wedgeworth,* 148 Ala. 496, 42
South. 749; *Rarden v. Cunningham,* 136 Ala. 263, 34
South. 26; *Verberg v. State,* 137 Ala. 73, 34 South. 848,
97 Am. St. Rep. 17; *Yeats v. State,* 142 Ala. 58, 38
South. 760, and other cases to be found cited in the
cases relied on, that no error can be imputed to the
trial court in the refusal of the charges, as we have
seen, one at least of them was faulty. The recital of the
bill of exceptions is: "The defendant thereupon re-
quested the court in writing to give the following
charges, all of said charges being on the same sheet of
paper, the charges being separated by spaces, and the
court wrote opposite each one of them: 'Refused. A.
A. Coleman, Judge.'" In the cases on this subject in
which the rule invoked has been applied, now grown
to considerable number, it has affirmatively appeared
that the charges were requested and acted upon as a
whole, or a construction of the bill of exceptions
against the party excepting led to that conclusion. But
here it affirmatively appears that the defendant's
charges, though written upon a single piece of paper,

were treated and acted upon by the court below as separate charges, and separate exception was reserved to the refusal of each charge. The rule of cases cited fails to reach the case in hand.

For the errors pointed out, the judgment of the court below must be reversed.

Reversed and remanded.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.