STATE of Wisconsin, Plaintiff-Appellant and Cross-Respondent,

v.

MENARD, INC., a domestic corporation, Defendant-Respondent and Cross-Appellant.†

Court of Appeals

*No. 84–474. Submitted on briefs September 4, 1984.— Decided October 9, 1984.*

(Also reported in 358 N.W.2d 813.)

† Petition to review denied.

For the appellant and cross-respondent the cause was submitted on the briefs of *Bronson C. La Follette*, at-

torney general, and *William C. Wolford,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.,* and *Dennis M. Sullivan* of Eau Claire.

For the cross-appellant the cause was submitted on the briefs of *Clifford D. Bobholz* of Eau Claire.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. The state appeals a judgment imposing forfeitures on Menard, Inc., for eight violations of Wis. Admin. Code, ch. Ag 124 (1981), which regulates price comparison advertising. The primary issue on appeal is what constitutes a separate violation of ch. Ag 124. The state argues that each publication of an improper advertisement constitutes a separate violation for which a forfeiture must be imposed. The trial court considered each of eight distinct advertisements as one violation, regardless of the number of publications. Because each publication of an advertisement must comply with ch. Ag 124, the part of the judgment determining the number of violations is reversed.

Menard cross-appeals the judgment on the basis that summary judgment should not have been granted finding it guilty of improper price comparisons. Menard contends that the state must prove a violation of both the statute authorizing the administrative regulation and the regulation. The summary judgment on the liability issue is affirmed because the state need only prove a violation of ch. Ag 124.

Menard advertised kitchen cabinets sold by its stores in Eau Claire, Wausau, La Crosse, Oshkosh, and Green Bay. It printed advertisements for each store in several area newspapers. Menard's prices were compared to manufacturer list prices in the advertisements. The state commenced this forfeiture action against Menard because the price comparisons allegedly violated ch. Ag

124. The trial court decided on summary judgment that the advertisements did include prohibited price comparisons and imposed forfeitures for eight separate violations.

Section 100.26(6), Stats., requires a forfeiture of not less than $100 nor more than $10,000 for each violation of an order issued under sec. 100.20, Stats. Chapter Ag 124 is covered by this forfeiture statute because it is an order issued by the Department of Agriculture, Trade, and Consumer Protection pursuant to sec. 100.20(2), Stats. Section 100.26(6) does not define what constitutes a separate violation.

We conclude that each publication of an advertisement must be separately considered to determine whether it violates ch. Ag 124. Menard contends that each distinct advertisement should be considered one violation regardless of the number of publications. An advertisement, however, must be considered in the context of (1) whether a seller or competitor has actually sold goods or services at the prices compared, (2) within a specified period of time, and (3) within the trade area that the price comparison is made. *See* secs. Ag 124.03–124.07 (1981). Because each publication of an advertisement must be considered separately for compliance with ch. Ag 124, a violation occurs each time an improper advertisement is published. Each newspaper edition constitutes a separate publication.

Treating each publication of an advertisement as a separate violation is consistent with the requirement that no double forfeiture be imposed for the same conduct. *See State v. Braun,* 103 Wis. 2d 617, 630, 309 N.W.2d 875, 882 (Ct. App. 1981). Publishing the same advertisement in different newspapers requires independent acts. Similarly, running an advertisement in consecutive editions involves separate choices. Prose-

cuting each publication as a separate offense does not constitute multiple charges because of these independent acts. *See State v. Stepniewski,* 105 Wis. 2d 261, 279, 314 N.W.2d 98, 106 (1982).

Menard also argues that treating each publication as a separate violation denies due process because no consideration is made of the circulation size of the publication. We disagree. The test for due process is " 'whether the means chosen have a reasonable and rational relationship to the purpose or object of the enactment.' " *Oliver v. Travelers Insurance Co.,* 103 Wis. 2d 644, 647, 309 N.W.2d 383, 385 (Ct. App. 1981). Treating each publication as a separate violation is reasonable because the audience size exposed to an improper price comparison is not intended to define a violation under ch. Ag 124. Section Ag 124.02(1) defines an advertisement as any "oral, written or graphic representation made in connection with the solicitation of business." This definition indicates an intention to protect the public from deceptive advertising regardless of the audience size. *See State v. Automatic Merchandisers,* 64 Wis. 2d 659, 663, 221 N.W.2d 683, 686 (1974). Defining a violation without regard to a newspaper's circulation size is consistent with the objective of requiring a high degree of diligence to avoid the conduct proscribed by the regulation. *See State v. Collova,* 79 Wis. 2d 473, 481, 255 N.W.2d 581, 585 (1977).

Menard also challenges the counting formula on equal protection grounds. It claims that advertisers in small circulation newspapers are discriminated against vis-a-vis advertisers in large circulation newspapers. The test for evaluating equal protection claims is whether "there is a reasonable and practical ground for the classification." *Oliver,* 103 Wis. 2d at 647, 309 N.W.2d at 385.

The existence of a discriminatory classification is hard to fathom in this case because all acts causing an improper advertisement to be published are treated as violations. Publishing the advertisement, irrespective of audience size, constitutes the violation.[1] Thus, no discriminatory classification exists because advertisers in small newspapers are not treated differently from advertisers in large newspapers.

Menard also contends that ch. Ag 124 is unconstitutionally vague because it does not define what constitutes a single violation. A regulation is void for vagueness if it does not provide fair notice of the conduct prohibited or include standards for ascertaining culpability. *State v. Popanz*, 112 Wis. 2d 166, 172–73, 332 N.W.2d 750, 754 (1983). In this case, ch. Ag 124 clearly defines the conduct prohibited, and the trier of fact does not have to apply its own standards of guilt. The fact that Menard did not know how many separate violations it committed does not make ch. Ag 124 unconstitutional. One disposed to violate the law need not know in advance exactly what the consequences will be. *State v. Coubal*, 248 Wis. 247, 264, 21 N.W.2d 381, 388 (1946).

Finally, in its cross-appeal, Menard claims that the state must prove a violation of the statute authorizing ch. Ag 124, as well as the regulation. We disagree. Administrative regulations enacted pursuant to statutory rule-making authority have the force and effect of law. *State ex rel. Staples v. Department of Health and Social Services*, 115 Wis. 2d 363, 367, 340 N.W.2d 194, 196

---

[1] The fact that each violation may produce a different impact is accommodated by the range of forfeitures allowed for each violation. Section 100.26(6), Stats., provides that a forfeiture of not less than $100 nor more than $10,000 may be imposed for each violation.

(1983). Because the validity of ch. Ag 124 was not attacked, the state only had to prove that Menard violated the regulation. Menard did not dispute that it violated the requirements of ch. Ag 124.

Accordingly, this court reverses that part of the judgment relating to the number of forfeitures imposed on Menard. The matter is remanded to the trial court for further consideration of the number of violations that Menard committed and imposition of forfeitures. The summary judgment on the issue of Menard's liability for violating ch. Ag 124 is affirmed.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded. No costs to either party.