## HIRAM WELLINGTON *vs.* DOWNER KEROSENE OIL COMPANY.

A declaration that the defendant, knowing J. S. to be a retailer of fluids to be burned in lamps for illuminating purposes, and naphtha to be explosive and dangerous to life for such a use, sold and delivered naphtha to him, knowing that it was his intention to retail it in his business; that, in ignorance of its dangerous properties, he retailed a pint of it to the plaintiff to be burned in his lamp for illumination; and that, while the plaintiff, in like ignorance, was so burning it, it exploded and injured him and his property; sets forth a good cause of action at common law.

There is no conclusive presumption that a retailer of fluids to be burned in lamps for illuminating purposes, or a customer to whom he sells naphtha for such a use, is aware of the danger of so burning naphtha.

A declaration which, with sufficient allegations of the defendant's knowledge and the plaintiff's care, alleges that the defendant sold to J. S. naphtha under the name of oil, contrary to the St. of 1867, c. 286; that J. S. resold it to the plaintiff, to be burned in a lamp for illuminating purposes; and that, while the plaintiff was so burning it, it exploded and injured him and his property; sets forth a good cause of action under the statute.

Whether, in order to charge, either criminally or civilly, a seller of naphtha under the name of oil, on the St. of 1867, c. 286, § 5, it is necessary to prove that he knew it was naphtha when he sold it, *quære*.

The right of action given by the St. of 1867, c. 286, to "any person suffering damage from the explosion or ignition" of fluid unlawfully sold under the statute, extends to injuries to property, and includes all persons to whom any purchaser from such seller may give or resell it.

TORT for injury of the plaintiff's person and property by the explosion of a fluid which he was burning in a lamp. Writ

dated June 22, 1869. The declaration contained two counts; the first, upon the St. of 1867, *c.* 286, the material parts of which statute are printed in the margin; * the second, upon the common law.

The first count alleged that " the defendants sold to one Nathaniel E. Chase a certain quantity, to wit, one barrel, of naphtha, under the name of oil, contrary to the statute in such case made and provided; and the said Chase retailed and resold a part of the same, to wit, one pint, to the plaintiff, for the purpose of being burned in a lamp for illuminating purposes; and while the plaintiff was using the same in a lamp for illuminating purposes, the same ignited and exploded, and dangerously burned, wounded and injured the plaintiff in his face and eyes, ears, mouth, nose, head and hands, and other parts of his body, so that his life was greatly endangered and despaired of, and also burned his clothes, destroyed the gas fixtures in the entry of his dwelling-house, and otherwise injured his dwelling-house and furniture; and by reason of such burning, wounding and inju-

---

* " SECTION 3. No person shall mix for sale naphtha and illuminating oils, or shall sell or offer for sale such mixture, or shall sell or offer for sale, except for purposes of remanufacture, illuminating oils made from coal or petroleum, which will ignite at a temperature of less than one hundred and ten degrees Fahrenheit, to be ascertained by the application of Tagliabue's or some other approved instrument; and any person so doing shall be held to be guilty of a misdemeanor, and shall for each offence, upon conviction thereof, be liable to " certain penalties, specified in § 2, " and shall also be liable therefor to any person suffering damage from the explosion or ignition of such oil thus unlawfully sold; and such oil thus unlawfully sold, or kept or offered for sale, and the casks or packages containing the same, shall be forfeited and sold for the purposes of remanufacture, one half of the proceeds of such sale to go to the Commonwealth, and the other half to the informer."

" SECTION 4. For all the purposes of this act, all illuminating oils made from coal or petroleum, having an igniting point of less than one hundred and ten degrees Fahrenheit, to be determined in the manner provided in the third section of this act, shall be deemed to be mixed with naphtha.

" SECTION 5. Any person who shall sell, or keep or offer for sale, naphtha under the name of oil, shall, for each offence, upon conviction thereof, be liable to the same penalties provided, and shall be subject to the same liabilities set forth, in the second and third sections of this act."

ries, the plaintiff was rendered incapable of following and transacting his necessary affairs and business for a long space of time, to wit, the space of seven weeks, and underwent during all said time great pain and distress of body and mind; and thereby the plaintiff was forced and obliged to and did pay, lay out and expend divers large sums of money for medicines, nursing and attendance of a physician in endeavoring to heal and cure his said burns and wounds and injuries, amounting in all to the sum of, to wit, the sum of five hundred dollars."

The second count alleged that " the defendants are manufacturers of and dealers in oils, and Nathaniel E. Chase was a retailer of oils and fluids to be burned in a lamp for illuminating purposes; and the defendants, knowing said Chase to be such retailer, sold and delivered to said Chase a certain quantity, to wit, one barrel, of very dangerous and explosive liquid, called naphtha, for the purpose of being retailed and resold to be burned in a lamp for illuminating purposes, it being the purpose, and the defendants knowing it to be the purpose, of the said Chase to retail and resell the same to the public to be burned in a lamp for illuminating purposes, the defendants knowing that said liquid was explosive and dangerous to life when so used; and the said Chase, not knowing the same to be dangerous and explosive, retailed and resold a certain quantity, to wit, one pint of the same, to the plaintiff to be burned in a lamp for illuminating purposes; and while the plaintiff was using the same in a lamp for illuminating purposes, and not knowing the same was naphtha, or dangerous and explosive, the same ignited and exploded " and injured the plaintiff's person and property, and caused him delay and pain and expense, as alleged in the first count.

The answer was a general denial of each and every allegation in the declaration.

Trial in the superior court, before *Lord*, J., who allowed the following bill of exceptions : " At the trial, the plaintiff offered evidence tending to prove all the allegations in either count but the judge ruled that they would not sustain his action, if proved, and directed a verdict for the defendants ; to which ruling and direction the plaintiff excepted."

*E. M. Bigelow,* for the plaintiff.

*G. A. Somerby,* for the defendants. 1. The first count seeks to charge the defendants on the statute, for injury resulting to the plaintiff from his buying naphtha under the name of oil from Chase; for the sole reason that the defendants previously sold it to Chase. But there is no privity between the plaintiff and the defendants; and the statute puts no liability on them. The whole purpose of the statute is secured and effected by rendering each seller liable for his own sale only.

2. The second count alleges a sale of naphtha, as naphtha only; and seeks to charge the defendants for negligence at common law. But the selling of naphtha to full grown persons of sound mind is not unlawful. The law presumes that Chase and the plaintiff had the knowledge and experience that naphtha is explosive and dangerous, which is common to the community. The case finds that Chase was a retailer of fluids for illumination; and therefore he had peculiar knowledge on the subject. Nor was the sale of the naphtha by the defendants to Chase the proximate cause of the plaintiff's injury. The circumstances of the case do not, therefore, disclose negligence such as was alleged in *Carter* v. *Towne,* 98 Mass. 567. See also *Meesel* v. *Lynn & Boston Railroad Co.* 8 Allen, 234; *McDonald* v. *Snelling,* 14 Allen, 290.

GRAY, J. This is an action of tort. Both counts of the declaration are framed, not upon any supposed privity between the parties, but upon a violation of duty in the defendants, resulting in an injury to the plaintiff. The first count is upon the St. of 1867, *c.* 286, and the second upon the common law. It will be convenient to consider the general question of the liability of the defendants at common law, before examining the construction and effect of the statute.

It is well settled that a man who delivers an article, which he knows to be dangerous or noxious, to another person, without notice of its nature and qualities is liable for any injury which may reasonably be contemplated as likely to result, and which does in fact result, therefrom, to that person or any other, who is not himself in fault. Thus a person who delivers a carboy

which he knows to contain nitric acid, to a carrier, without informing him of the nature of its contents, is liable for an injury occasioned by the leaking out of the acid upon another carrier to whom it is delivered by the first, in the ordinary course of business, to be carried to its destination. *Farrant* v. *Barnes*, 11 C. B. (N. S.) 553. So a chemist who sells a bottle of liquid, made up of ingredients known only to himself, representing it to be fit to be used for washing the hair, and knowing that it is to be used by the purchaser's wife, is liable for an injury occasioned to her by using it for washing her hair. *George* v. *Skivington*, Law Rep. 5 Ex. 1. And a druggist who negligently labels a deadly poison as a harmless medicine, and sells it so labelled to dealers in such articles, is liable for an injury to any one who afterwards purchases and uses it, if there is no negligence on the part of the intermediate sellers or of the person injured. *Thomas* v. *Winchester*, 2 Selden, 397. *Davidson* v. *Nichols*, 11 Allen, 519, 520. *McDonald* v. *Snelling*, 14 Allen, 290, 295.

The second count of the declaration expressly avers that the defendants sold naphtha to Chase for the purpose of being retailed and resold to be burned in a lamp for illuminating purposes, knowing it to be explosive and dangerous to life when so used, and knowing Chase's business to be that of a retailer and his purpose to retail and resell the same to the public to be so used; that Chase resold a part thereof to the plaintiff to be so used, and, while he was so using it, it ignited and exploded, and injured his person and property; and that both Chase and the plaintiff were ignorant of its dangerous qualities. Proof of the facts thus alleged would show that the defendants were guilty of a violation of duty in selling an article which they knew to be explosive and dangerous, for the purpose of being resold in the market, without giving information of its nature, and were therefore bound to contemplate, as a natural and probable consequence of their unlawful act, that it might explode or ignite, and injure an innocent purchaser or his property, and to answer in damages for such a consequence if it should come to pass. The ruling of the learned judge who presided at the trial was therefore erroneous, and the exceptions must be sustained.

In *Carter* v. *Towne*, 98 Mass. 567, cited for the defendants, a declaration alleging that the defendants negligently and unlawfully sold and delivered gunpowder to the plaintiff, a boy eight years old, having neither experience nor knowledge in the use of gunpowder, and being an unfit person to be intrusted with it, all of which the defendants well knew, and that the child, in ignorance of its effects, and using that care of which he was capable, exploded the gunpowder and was burned thereby, was held good upon demurrer. In that case, no question was raised of the defendants' liability to any other person than the one to whom they delivered the article. The plaintiff was afterwards held not entitled to recover of the defendants, because it appeared that the gunpowder had been carried home by the child, and put in the custody of his parents, and a part of it been fired off by him with their permission, before the explosion by which he was injured; and as the gunpowder had passed into the custody of adult persons who knew its dangerous qualities and had allowed him to use it, and was retaken by the child from their custody, before the accident sued for, the sale by the defendants was not the direct, proximate or efficient cause of the injury. *S. C.* 103 Mass. 507.

We cannot accede to the suggestion made by the counsel for the defendants in the case at bar, in opposition to the proof offered at the trial, that Chase and the plaintiff must be deemed to have known the dangerous qualities of naphtha.

The question remains to be considered of the liability of the defendants under the St. of 1867, *c.* 286, §§ 3, 5, which declares that any person " who shall sell, or keep or offer for sale, naphtha under the name of oil," shall be subject to a penalty, and " shall also be liable therefor to any person suffering damage from the explosion or ignition of such oil thus unlawfully sold."

The bill of exceptions states that the plaintiff at the trial offered evidence to support all the allegations in either count of the declaration, which would include the defendants' knowledge of the dangerous character of the article sold; and it was assumed at the argument that the defendants, when they sold the article, knew that it was naphtha. It is therefore unnecessary

to decide whether such knowledge must be proved in order to charge them, criminally or civilly, under the statute, or whether the legislature has imposed upon every one the duty of ascertaining that any article which he undertakes to sell as oil is not naphtha. See *Herne* v. *Garton,* 2 El. & El. 66; *Commonwealth* v. *Flannelly,* 15 Gray, 195, 196; *Commonwealth* v. *Farren,* 9 Allen, 489. Nor have we considered whether the first count sufficiently alleges that the plaintiff was in no fault which contributed to his injury; because that objection also was not particularly argued. In both these respects, the declaration may be amended, if necessary, before another trial.

In all other respects, the first count is sufficient to charge the defendants upon the St. of 1867. That statute does not confine the civil liability of the offender, for the explosion or ignition of the article unlawfully sold, to injuries suffered by persons to whom he sells or offers it, but makes him "liable therefor to any person suffering damage." These words are broad enough to include all persons to whom any purchaser from him may give or sell it. And they doubtless include injuries to property, as well as to the person. *Brewer* v. *Crosby,* 11 Gray, 29. The object of the legislature would appear to have been to make any one who (at least knowingly) sends this article out into the community, under a name which does not disclose the degree of danger attending its keeping or use, himself bear the risk of all damages from its explosion or ignition to any person whose own fault or negligence does not contribute to his injury. The first count alleges a sale by the defendants to Chase of one barrel of naphtha under the name of oil, contrary to the statute; a resale by Chase to the plaintiff of one pint thereof for the purpose of being burned in a lamp for illuminating purposes; and that, while the plaintiff was so using the same, it ignited and exploded, and injured him and his property. Proof of these facts would show that the defendants' act caused an injury to the plaintiff, for which the defendants would be responsible under the statute.                    *Exceptions sustained.*