MATTHEW E. GATELY, administrator, *vs.* JOSEPH B. TAYLOR & another.

Middlesex. November 21, 1911. — February 26, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Naphtha. Negligence. Evidence.*

In an action for personal injuries alleged to have been suffered from an explosion of naphtha sold under an assumed name in violation of R. L. c. 102, § 108, if it appears that the substance sold to the plaintiff by the defendant was a liquid stove polish known as "6–5–4 Self Shining Stove Lusta," and an expert testifies that it was "naphtha with some pigment and a little thickening" and that "it is naphtha just as much as half a dollar is silver," the jury can find that the substance sold to the plaintiff was really and essentially naphtha and that the defendant is liable for the injuries suffered from its explosion.

A violation of R. L. c. 102, § 108, by a sale of naphtha under an assumed name is evidence of negligence in an action at common law to recover for personal injuries suffered from the explosion of such naphtha, alleged to have been sold negligently by the defendant to the plaintiff, and the plaintiff in such an action, if he presents evidence of due care on his part and of a sale by the defendant in violation of the statute, is entitled to go to the jury without showing expressly that the defendant knew of the nature of the substance sold by him or had any information of its dangerous qualities which should have put him upon inquiry.

In an action under R. L. c. 102, § 108, and at common law, for personal injuries alleged to have been suffered from an explosion of naphtha sold under an assumed name and sold negligently, where it appears that the substance sold to the plaintiff by the defendant was a liquid stove polish known as "lusta," evidence offered by the defendant, to show that "lusta" was an article generally sold in the market before as well as after the injury to the plaintiff, should be excluded as immaterial.

TORT by the administrator of the estate of Katherine E. Gately for injuries and consequent suffering sustained by the plaintiff's intestate on September 9, 1905, from the explosion of a substance sold to her by the defendants to be used as stove blacking, with a first count under R. L. c. 102, § 108, alleging that the injuries were caused by naphtha sold by the defendants under an assumed name, to wit: "6–5–4 Self Shining Stove Lusta," and a second count at

common law alleging that the defendants negligently sold to the intestate a dangerous substance, negligently and carelessly representing it to be a safe stove blacking, and that the plaintiff's intestate was injured while she in the exercise of due care was applying the substance to a stove. Writ dated October 21, 1905.

In the Superior Court the case was tried before *Fox,* J. The facts which appeared in evidence are stated in the opinion. At the close of the evidence the defendants asked the judge to make the following rulings:

"1. Upon all the evidence and the pleadings, the plaintiff is not entitled to recover.

"2. Upon all the evidence, and the allegations therein contained, the plaintiff is not entitled to recover upon the first count.

"3. Upon all the evidence, and the allegations therein contained, the plaintiff is not entitled to recover upon the second count."

"5. The evidence will not warrant a finding that the defendants sold naphtha under an assumed name within the meaning of said section 108 [of R. L. c. 102]."

"9. The evidence will not warrant a finding that the defendants were negligent in not knowing that the substance sold contained a dangerous quantity of naphtha."

The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff. The defendants alleged exceptions to the refusal of the judge to make the rulings quoted above and to the charge so far as it was inconsistent with them.

*G. L. Mayberry,* for the defendants.

*J. E. Cotter, (M. J. Connolly* with him,) for the plaintiff.

BRALEY, J. The plaintiff sues in tort under R. L. c. 102, § 108, and at common law to recover damages for the conscious suffering of his wife and intestate, alleged to have been caused by the wrongful acts of the defendants. The refusal to give the first three requests, that upon all the evidence and the pleadings the plaintiff could not recover under either count, presents for decision as the principal question, whether the jury were warranted in returning a general verdict for the plaintiff. *Oulighan* v. *Butler,* 189 Mass. 287, 289. *Murphy* v. *Russell,* 202 Mass. 480. The defendants as retail dealers in hardware and stoves kept for sale and sold, with other stove polishes, a liquid stove polish known as "6-5-4 Self

Shining Stove Lusta." It was contained in small round cans with a label on which, under the heading of directions, the excellences of the preparation as a stove polish and the manner of application were elaborately printed. The article with the knowledge and assent of the defendants, as appeared by their testimony, had been advertised in the local papers by the manufacturers from whom they purchased it in bulk, as being kept for sale by them, and although the advertisement recommended its use they were ignorant of its composition. The conflicting expert testimony left to the jury the credibility of the witnesses and the weight of the evidence, and they could accept the opinion of the plaintiff's witness, who positively stated, that it was "naphtha with some pigment and a little thickening," and "notwithstanding all that is said about qualifying phrases it is naphtha just as much as half a dollar is silver," rather than the conclusion of the defendants' expert, that it was "an asphalt paint." The son of the decedent at her request bought a can of the defendants, and in the afternoon of the day of purchase, while she was using the contents on a cooking range in which the fire had not been extinguished, an explosion suddenly followed, enveloping her in flame and causing such grave injuries that her death followed after a period of intense pain. If it were not that the defendants urge the question of her due care, it would be unnecessary to add, that the "directions" specified, "if a greater luster is desired, apply when iron is warm," and that generally stove polishes in common experience do not explode, even when applied to heated surfaces. It is sufficient that as matter of law she was not shown to have been careless. *Baldwin* v. *American Writing Paper Co.* 196 Mass. 402, 407. *Thompson* v. *Cambridge Gas Light Co.* 201 Mass. 77.

The substantial inquiry upon this evidence is the construction to be given to R. L. c. 102, § 108, making it a penal offense to sell, offer, or keep for sale, "naphtha under an assumed name." Naphtha has been defined as a product of petroleum intermediate between the associate products of gasoline and benzine, all of which do not differ in their essential nature, but vary only in the degree of inflammability when brought into contact with radiant heat. Webster's New International Dict. *Morse* v. *Buffalo Fire & Marine Ins. Co.* 30 Wis. 534, 536. The inflammable and explosive qualities of petroleum and its

products have been generally recognized as calling for statutory regulations governing their storage and sale, for the protection of the public; and in this jurisdiction the first legislation upon the general subject is the St. of 1865, c. 244. The statute, however, and the succeeding St. of 1866, c. 285, which repealed the previous act, went no farther than to provide that crude petroleum or any of its products should not be kept, manufactured or refined in quantities exceeding five hundred gallons without a license from the public authorities, unless "stored, kept manufactured or refined, in detached and properly ventilated buildings, specially adapted to the purpose and surrounded by an embankment so constructed as to effectually prevent the overflow of said petroleum or any of its products" beyond the premises. The next enactment, the St. of 1867, c. 286, which repealed the St. of 1866, c. 262, is entitled "An Act regulating the sale of coal and petroleum oils." By § 5 any person who sold, kept or offered for sale naphtha under the name of oil was upon conviction subject to fine or imprisonment or both, and by § 3 also was made liable in damages to any person suffering injuries from the explosion or ignition of such oil unlawfully sold. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64. The St. of 1869, c. 152, followed, and while by § 2 no person shall mix for sale naphtha and illuminating oils or shall sell or offer for sale such mixtures unless for the purposes of re-manufacture into illuminating oil made from coal or petroleum, which would not ignite beyond a fixed standard of temperature, by § 4 the sale of naphtha under an assumed name was for the first time generally prohibited. This section appears without change in the Pub. Sts. c. 102, § 71, and the R. L. c. 102, § 108. It is not impossible to say that the prohibition refers only to the sale of naphtha under the name of petroleum or some of its other enumerated products. But this would not reach the mischief which the statute obviously was intended to prevent. The designations under which naphtha might be sold would be as various as its fluid nature would permit, and the seller would not be subject to a penalty. A commercial compound of which one of the substantial parts might be naphtha, yet when combined with other ingredients it became as a whole a distinct and independent product, would not come within the statute. But if the contributed parts merely supplied coloring to the fluid,

with a slight thickening making the mixture adhesive when applied, then the jury must determine whether the article sold does not remain really and essentially naphtha. *Commonwealth* v. *Wentworth*, 118 Mass. 441, 442. The statutory regulation is absolute, and in a criminal prosecution want of knowledge by the seller would not be a defense. He violates the statute, which is a police regulation, at his peril. *Commonwealth* v. *New York Central & Hudson River Railroad*, 202 Mass. 394, 398. *Commonwealth* v. *Mixer*, 207 Mass. 141. Section 108, however, not only imposes a penalty, but under § 106 the defendants, if found to have transgressed, also were made liable in a civil action for any damage suffered by the decedent from the explosion or ignition of the naphtha, independently of any question of negligence on their part. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64, 70. *Hourigan* v. *Nowell*, 110 Mass. 470, 473. The allegations of the first count were sufficient under the statute, and the jury were warranted in finding that they had been sustained by the evidence to which sufficient reference has been made.

The plaintiff under the second count offered no affirmative evidence that the defendants knew of the nature of the contents of the can, or had any information of its dangerous qualities which should have put them upon inquiry. The defendants, however, sold the article illegally, and, their illegal act having contributed to the decedent's injury, the plaintiff under the second count could sue at common law as well as under the statute. *Coffin* v. *Field*, 7 Cush. 355, 358. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64. *Pollock* v. *Eastern Railroad*, 124 Mass. 158. *Ransom* v. *Boston*, 192 Mass. 299. 1 Com. Dig. Action upon Statutes, 442. See Cooley on Torts, (3d ed.) 1408, n. 96, and Wharton on Negligence, § 443, n., for a collection of cases. The duty imposed is for the safety and welfare of the members of the community, and "as a general rule," said Mr. Justice Devens in *Parker* v. *Barnard*, 135 Mass. 116, 120, following *Salisbury* v. *Herchenroder*, 106 Mass. 458, 460, "where an act is enjoined or forbidden under a statutory penalty, and the failure to do the act enjoined or the doing of the act forbidden has contributed to an injury, the party thus in default is liable therefor to the party injured, notwithstanding he may also be subject to a penalty." If the jury were satisfied of the violation of the statute there was evidence for their consid-

eration of the defendants' negligence, which was aptly charged in the allegations of this count. *Brunelle* v. *Lowell Electric Light Co.* 188 Mass. 493, 498. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582. *McCarthy* v. *Morse,* 197 Mass. 332, 337. *Field* v. *Gowdy,* 199 Mass. 568, 573. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 96. *Moran* v. *Dickinson,* 204 Mass. 559. *Horsman* v. *Brockton & Plymouth Street Railway,* 205 Mass. 519, 522, 523. *Siemers* v. *Eisen,* 54 Cal. 418. *Carrigan* v. *Stillwell,* 97 Maine, 247. *Baxter* v. *Coughlin,* 70 Minn. 1. *Horton* v. *Wylie,* 115 Wis. 505. *Brannock* v. *Elmore,* 114 Mo. 55. *McRickard* v. *Flint,* 114 N. Y. 222, 226.

The objection that because of some of the expressions used by the pleader the second count might be objectionable for duplicity could be raised, if at all, only by a motion to strike out, or a motion to compel the plaintiff to elect at the close of the evidence. *King* v. *Howard,* 1 Cush. 137, 141. *Burns* v. *Scooffy,* 98 Cal. 271. *Golding* v. *Wharton Saltworks Co.* 1 Q. B. D. 374. And whatever apprehension the defendants may have had, that they might be held liable in deceit for misrepresentations as to the nature of the article sold as "lusta," were removed by the giving of their requests on this point accompanied with appropriate comments. No exceptions were taken to the instructions except so far as they were inconsistent with the first, second, third, fifth and ninth requests, which for reasons sufficiently stated the judge properly declined to give. If the defendants deemed the instructions as to the second count insufficient, or erroneous, they should have specifically excepted; but not having done so, this part of the charge cannot be reviewed. *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78, and cases cited.

Nor were the rulings upon questions of evidence incorrect. The answer of the defendants put in issue every material allegation of the declaration, and the advertisement that they kept "lusta" for sale was clearly relevant, while the evidence offered by them, that it was an article generally sold in the market before as well as since the injury to the decedent, was rightly excluded. If other dealers whether within or without this Commonwealth sold naphtha as "lusta," this fact afforded the defendants no justification for their violation of the statute.

*Exceptions overruled.*