ELLA FALK *vs.* HORACE F. CARLTON.

RALPH FALK *vs.* SAME.

DORA NESSON *vs.* SAME.

Suffolk.    November 6, 1929. — January 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* In use of way, Motor vehicle. *Law of the Road. Practice, Civil,* Requests, rulings and instructions, Charge to jury, Ordering verdict, Exceptions.

At the trial of an action of tort for damage to the plaintiff's automobile resulting from a collision with an automobile operated by the defendant, there was evidence for the plaintiff that the collision occurred near the intersection of two streets, one of which at that place was divided into two travelled ways, one passing to the left and the other to the right of a triangular plot of grass having its base approximately on the side line of the second street; that there were shrubs growing on the grass plot and at the sides of the two parts of the first street; that the plaintiff parked his automobile on the right side of the first street facing towards the second street, about twenty-two feet therefrom and about seven feet from the apex of the grass plot; that the defendant approached the intersection on the second street from the direction to the right of the plaintiff's automobile and turned to his left into the first street on the part thereof which was nearer to him, so that the grass plot was to his right; and that his automobile collided with the front part of the plaintiff's automobile, which had not moved. There was evidence for the defendant that he followed the usual course of vehicles in turning that corner; that he would have had to turn a very sharp corner if he had gone on and turned into the further part of the first street; that his automobile was moving at about ten miles per hour; that the plaintiff's automobile also was moving and was about six feet from the corner at the time of the collision; and that he could not turn to his right to avert the collision because of the grass plot. It *was stated* that, on such conflicting evidence, the trial judge could not properly have ordered a verdict in favor of either party.
The judge at the trial above described instructed the jury that the defendant was not negligent as a matter of law in driving to the left of the grass plot as he did. There was no evidence that the grass plot formed a part of the first street. *Held,* that

(1) Even if the grass plot were a part of the first street, the instruction was correct;

(2) There was no merit in a contention by the plaintiff that the instruction, by "Isolating certain controverted evidence by a ruling that it did not constitute negligence," was a violation of G. L. c. 231, § 81.

G. L. c. 90, § 14, as amended by St. 1925, c. 305, did not require the defendant, in the circumstances above described, to go beyond the nearer part of the first street and enter that street by the further part thereof.

It appeared from a bill of exceptions presented by the plaintiff after the trial above described that the plaintiff duly had filed numerous requests for rulings, which the trial judge did not read before charging the jury; that his charge sufficiently covered the issues presented in the action; that, at the close of the charge, the judge, upon his attention being called by the plaintiff's counsel to the requests for rulings, stated that it would take a long time to give all the rulings requested and that he did not like to read rulings to the jury; that he asked the plaintiff's counsel to select those that were important; that counsel then stated that he thought them all important and requested the judge to give them all; that the judge refused to do so; that counsel saved an exception "to those you are not going to give"; and that the judge then read some of the rulings requested to the jury. It did not appear with any certainty which rulings requested were read and which were not. *Held,* that no error prejudicial to the plaintiff appeared in the judge's disposition of his requests.

THREE ACTIONS OF TORT for personal injuries. Writs dated April 28, 1925.

The third action, by Dora Nesson, was for damage to the plaintiff's automobile resulting from a collision thereof with an automobile operated by the defendant. The first action, by Ella Falk, was for personal injuries sustained in the collision; and the second action, by the husband of Ella Falk, was for personal injuries sustained therein and for consequential damages. The actions were tried together in the Superior Court before *Irwin,* J. The collision occurred near the intersection of East Street and Bay Street in Sharon. At that intersection East Street is divided into two travelled ways, one passing to the left and the other to the right of a triangular grass plot having its base approximately on the side line of Bay Street. There were shrubs growing on the grass plot and at the sides of the two parts of East Street.

There was evidence for the plaintiffs that the Nesson automobile was parked on the right side of East Street

facing toward Bay Street, about twenty-two feet therefrom and about seven feet from the apex of the grass plot; that the defendant approached the intersection on Bay Street from the direction to the right of the Nesson automobile, turned to his left into East Street on the part thereof nearer to him, so that the grass plot was to his right; that his automobile collided with the front part of the Nesson automobile, which had not moved; and that the Falks were sitting in the Nesson automobile at the time of the collision. The defendant testified that the part of East Street where the collision occurred was fifteen to eighteen feet wide; that the Nesson automobile was about six feet from the intersection of that part with Bay Street at the time of the collision; that it was then moving at about ten miles per hour; that the speed of his automobile was about the same; that he could not turn to the right to avert the collision because of the grass plot; that the corners of the grass plot at the intersections with Bay Street presented sharp angles; that he would have had to turn a very sharp corner if he had gone on and turned into the further part of East Street; and that vehicles ordinarily followed the course which he had taken.

At the close of the evidence, the judge denied motions by the plaintiffs that verdicts be ordered in their favor. The plaintiffs saved an exception. He also denied a motion by the defendant that a verdict be ordered in his favor. The judge thereupon charged the jury in part as follows: "The discovering of facts is the function that the jury performs in a trial, the decision and ruling on points of law is the function for the judge, but the judge does not determine facts, he does not even intimate to the jury by his gesture or words or action what he believes the fact to be, the examination of the facts and the features are entirely and all the time for the jury. . . . Now I, after a jury has been with me a while and we have these automobile cases day after day, I get ashamed to look a jury in the face and repeat these things that I am required to repeat because of the different parties that are before you, the different lawyers that have come to us; the

lawyer is entitled to hear the judge tell the jury these general fundamental rules that I give you in every case when the matter of negligence or due care are in the issue and as we have found in other cases that when a person gets up in the morning and goes out in the world he is required to see to it that no injury befalls him, no mischance comes to him, that is, he must look out for his own safety and by the same token he is required to see to it that no negligence or thoughtlessness or heedlessness of his causes injury to another, and that care and caution is to be exercised in proportion to what would follow a failure to use that caution." The judge then reviewed the evidence, calling the jury's attention to the differences between the evidence for the plaintiffs and that for the defendant, and continued as follows: "Now what do you say about that? The burden of proving that the defendant was negligent is upon the plaintiff to prove to you that degree of belief that we call a belief that is excited by the greater weight of the evidence, the preponderance of the evidence which weighs down. Now in reaching the question of liability as I said before you will take into account, take into your reckoning, your reckoning from the testimony that is laid before you here, which of the two parties is right as to how, as to the way in which the collision occurred, was the Nesson car in the place where Mr. Nesson says it was or was it in the highway the way that Mr. Carleton says it was? Was Mr. Carleton using the judgment of a prudent person in driving his car in the way he did at the time he did just before this collision. Now there is a question that is solely for the jury, it seems to me. Now if Mr. Carleton was negligent and that negligence caused the injury, then Mr. Nesson or Mrs. Nesson, the owner of the car that Nesson was driving, is entitled to reasonable reimbursement for the money that was expended in repairing the car. Mr. Falk is entitled to reasonable compensation for the injury that came upon him and Mrs. Falk is entitled to reasonable compensation for the injury that came upon her, it first having been determined as I said before that the injuries to the person and the damage to the automobile

were the result, singly and solely the result of the negligence of the defendant. They can come into Court but once with a case of this kind, they can't come again and so the past, present and the future of any injury that was sustained by Mr. and Mrs. Falk is to be considered here and now; it isn't to be considered at all unless it has first been decided that the injury and damage that came to them resulted as I said before from the conduct of the defendant, Mr. Carleton, and if you are unable to figure out or decide who had the right of it, who was negligent, or if they were both negligent then your verdict should be for the defendant. If they were both in due care then your verdict should be for the defendant, if they were both doing the reasonable, probable thing then neither may blame the other.

"Now as I said to you before, I shall repeat it often probably during your sitting here, three, four, five weeks, that if you are unable to decide which of the parties has the right of it it is your duty to find a verdict for the defendant, for the reason given, that the plaintiff has not satisfied you by a fair preponderance of the evidence of the statement in his declaration."

At the close of the charge, the following colloquy occurred: THE JUDGE: "Have I left anything unsaid that you gentlemen want me to say?" PLAINTIFFS' COUNSEL: "Yes, your Honor, unless you intentionally omitted it." THE JUDGE: "What is it?" PLAINTIFFS' COUNSEL: "Unless you intentionally omitted it." THE JUDGE: "I did intentionally omit to give all of them [numerous requests for rulings filed by the plaintiffs] now, it would take a week of Sundays." PLAINTIFFS' COUNSEL: "Very well, will your Honor —" THE JUDGE: "Now point to something, don't point to a book, tell me to find something." PLAINTIFFS' COUNSEL: "Three." THE JUDGE: "That is one." PLAINTIFFS' COUNSEL: "Four, five, six, seven, eight, nine, ten, eleven, fourteen, fifteen, sixteen, seventeen, eighteen." THE JUDGE: "All those?" PLAINTIFFS' COUNSEL: "Twenty-four, twenty-five, twenty-six." THE JUDGE: "You mean you want me to give twenty-six requests?" PLAINTIFFS' COUNSEL: "Yes, I would like you to give

all those requests." [The judge then apparently read some of the plaintiffs' requests to the jury.] THE JUDGE: "I think that is as far as I ought to go unless you got some one that is vital, if you have anyone in particular that reaches the substance of the case I'd like to give it for you." PLAINTIFFS' COUNSEL: "I am of opinion that they all are and that is why I have requested that you give those rulings." THE JUDGE: "Have you looked at these rulings?" DEFENDANT'S COUNSEL: "I haven't looked them over definitely." THE JUDGE: "Now have I, — I haven't got time, life is short. You wouldn't expect me to commit these to memory and give them to the jury, would you?" PLAINTIFFS' COUNSEL: "No." THE JUDGE: "I don't think a jury enjoy having the judge read to them, I always try to give them to them offhand. Have you any one or two that you think is important." PLAINTIFFS' COUNSEL: "Well, I think they are all important." THE JUDGE: "I know you do, you said that before." PLAINTIFFS' COUNSEL: "Very well, and I would like to have you give them all." THE JUDGE: "I won't." PLAINTIFFS' COUNSEL: "Very well, then I'd like to have my exception, your Honor, to those you are not going to give." THE JUDGE: "All right. What do you say, I don't want to tie up your case?" DEFENDANT'S COUNSEL: "I have confidence in your Honor's judgment, I will take my chances on an exception." THE JUDGE: "I haven't even read them, I didn't know whether you objected to them or not." DEFENDANT'S COUNSEL: "There was no opportunity before lunch, I didn't have a chance to read them." PLAINTIFFS' COUNSEL: "You had them." THE JUDGE: "I suppose I could have given up my dinner and read them." PLAINTIFFS' COUNSEL: "I didn't intend you should do that, your Honor." THE JUDGE: "I don't take instructions from the lawyers as to what time I shall give to them." [The judge then apparently read more of the plaintiffs' requests to the jury.]

The plaintiffs' requests were not set forth in the record, nor did it appear therefrom with certainty which of their requests were read and which were not. At the request of

the defendant, the judge further instructed the jury that it was not negligence as a matter of law for the defendant to drive his automobile to the left of the grass plot. The plaintiffs saved an exception to this instruction. The jury found for the defendant in each action. The plaintiffs alleged exceptions. In their brief in this court, they stated (apparently with reference to the last instruction to the jury), "Isolating certain controverted evidence by a ruling that it did not constitute negligence transgresses the prohibition set forth in" G. L. c. 231, § 81. The plaintiffs did not argue their exception to the denial of their motion that a verdict be ordered in their favor.

G. L. c. 90, § 14, as amended by St. 1925, c. 305, reads in part as follows: ". . . The person operating a motor vehicle on any way upon approaching an intersecting way or a curve or a corner in said way where his view is obstructed shall slow down and upon approaching any junction of said way with an intersecting way before turning into the same shall slow down and keep to the right of the intersection of the center lines of both ways or extensions thereof, when turning to the right, and shall pass to the right of the intersection of the center lines of said ways or extensions thereof before turning to the left."

*A. Moskow,* for the plaintiffs.

*M. J. Mulkern,* for the defendant.

WAIT, J. These three cases, which were tried together, are before us upon exceptions of the plaintiffs after verdicts for the defendant. The bill of exceptions is not entirely clear with regard to the exceptions claimed; and we deal only with such as are argued in the brief for the plaintiffs.

The evidence was contradictory, and would support findings for either party in respect to negligence of the defendant and the due care of the plaintiffs. A verdict for either party therefore could not have been directed properly unless as matter of law uncontradicted facts or incontrovertible inference required a verdict for the one or the other. We find no such fact or inference.

The accident occurred near the point in East Street in Sharon where it divides and, by one travelled way passing

to the right and by another passing to the left of a triangular grass plot at the intersection, runs into Bay Street. The defendant turned from Bay Street into East Street by using the travelled way first met at his left. He did not drive on along the side of the triangle on Bay Street until he reached the further travelled path into East Street before making his turn. He used a method of turning from Bay Street commonly in use by travellers approaching East Street from the direction in which he was going. There were shrubs growing on the triangular plot and by the sides of the travelled paths of East Street.

There was no error in instructing the jury that it was not negligence, as matter of law, for him to drive to the left of the grass plot as he did. There was no evidence that the plot formed part of East Street; but, even if it did, we think it could not be said that as matter of law he was required to pass a travelled way leading to the broad travelled part of East Street in order to go beyond the centre of the intersection of East and Bay streets and then turn sharply to his left to enter by the further way. Whether his conduct was negligent depended upon the entire circumstances at the time, and was matter of fact for a jury. Such triangular junctions are not uncommon; and a traveller who wishes to enter from his left is not bound as matter of law to keep on to the further roadway. In many cases he may be ignorant that a second entrance exists. G. L. c. 90, § 14, (see present amended form in St. 1925, c. 305) is not to be interpreted to require such action.

There was no violation of G. L. c. 231, § 81. The judge did not charge with respect to matters of fact. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502.

We are not satisfied that the plaintiffs were prejudiced by the action of the trial judge in dealing with the plaintiffs' requests for rulings. The law applicable to the cases was not complicated. How thirty-four requests for rulings were called for is not readily understood. The judge saved exceptions to all not given. If he refused to read them before argument began, the plaintiffs lost no right. In this the case differs from *Maxwell* v. *Massachusetts Title Ins. Co.*

206 Mass. 197, where the judge not only did not examine the requests presented but also refused to save exceptions.

The charge covered the cases sufficiently. The plaintiffs had the benefit of all that they were entitled to; and have no good exception, as already stated, to such requests of the defendant as were given. The jurors were not misled to the plaintiffs' prejudice in matters of law; nor were they charged upon the facts. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24.

*Exceptions overruled.*