*Southern District*

No. 3829

## SOPHIE CUNHA AND ANOTHER

### v.

## GEORGE BAPTISTA

November 30, 1954

*Callan, J.* This is an action of tort to recover damages for personal injuries and for property damage to her automobile sustained by the plaintiff as a result of the negligence of the defendant. The husband of the plaintiff was made a party plaintiff and sought consequential damages.

There was a general denial filed by the defendant and a further answer of contributory negligence and an averment that the defendant's automobile was not

being operated at the time by a person for whose conduct the defendant was legally responsible.

The trial judge made a fiinding of facts and found for the defendant.

Requests for rulings were filed by both parties. The plaintiff claiming to be aggrieved by the granting of defendant's requests No. 1 and No. 8 and by the judge's findings that the plaintiff "cut the corner", and further that the finding by the judge as to the place of the happening of the accident was unsupported by the evidence, the case is reported to this Division.

*The evidence tended to show that* the female plaintiff was operating her automobile alone at about 10 o'clock in the forenoon of December 21st, 1951 in a northerly direction on Phillips Road in New Bedford. The defendant was operating his car alone easterly on Braley Road. Braley Road, which is about twenty-three feet wide is joined at right angles by Phillips Road, which is about twenty feet wide. Phillips Road at the point where it meets Braley Road flares out at its intersection with Braley Road so that the distance along the southerly lateral edge of Braley Road between the easterly and westerly flares of Phillips Road is about ninety feet. The surface of both roads is a hard finish but in the center of the area where the roads join or intersect and at about the middle of the flares a quantity of dirt and gravel had accumulated by reason of traffic turning the corners so that a triangle of dirt and gravel was formed. There was evidence that the distance between the westerly flare of Phillips Road and the westerly side of triangle as measured along the southerly line of Braley Road was from forty to forty-five feet.

The plaintiff in making the turn into Braley Road made a left turn and in so doing her right wheels passed over the dirt of the triangle and her left wheels were to the left thereof. The left side of her car was in contact with the left corner of the defendant's car. The defendant had testified that his

car came to a stop at the tip of the flare made by the westerly line of Phillips Road as it intersects the southerly line of Braley Road. The plaintiff had testified that the defendant had struck her car after she had completed the turn and was travelling in a westerly direction on Braley Road, and that the point of impact was westerly of the point where the flare of the westerly line of Phillips Road intersects the southerly line of Braley Road, and that the point of impact was at the left of the center of the road.

The judge took a view of the scene and found that upon all the evidence the plaintiff "cut the corner". He did not have to believe the plaintiff's testimony and if he adopted the story of the defendant as to how and where the collision occurred there was evidence to support his finding. The defendant filed among other requests the following requests for rulings.

*No.* 1 "The intersection of Braley Road and Phillips Road is that area common to both and bounded by an extension of the lateral lines of both roads."

*No.* 8. "If the plaintiff's method and manner of driving immediately prior to the accident was in violation of Chapter 90 Section 14 of the Massachusetts General Laws, then she cannot recover in this action." The judge granted both requests as correct statements of law.

G. L. c. 90, §14 provides that — "The person operating a motor vehicle on any way or a curve or a corner in said way where his view is obstructed shall slow down and keep to the right and upon approaching any junction of said way with an intersecting way, shall, before entering the same slow down and keep to the right of the center line. When approaching for a left turn an operator shall do so in the lane of travel to the right of and nearest to the center line of the roadway and the left turn shall be made by passing to the right of the center

line of the entering way where it enters the intersection from his left."

The defendant's answer sets up contributory negligence and thus opened the effect of the plaintiff's violation of law as evidence of negligence. *Gately v. Taylor*, 211 Mass. 60; *MacDonald v. Boston El. Ry.*, 262 Mass. 475. A violation of a criminal law by a plaintiff in an action of tort for negligence may have two results. If it contributes directly to his injury his action is barred irrespective of negligence. *Baggs v. Hirschfield*, 293 Mass. 1. The other result is that the violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent. *Bourne v. Whitman*, 209 Mass. 155, 166, 167; *Kenyon v. Hathaway*, 274 Mass. 47. Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributory cause of the injury. *Wall v. King*, 280 Mass. 577.

The judge made a special finding of facts and found that on all the evidence the plaintiff "cut the corner, which act contributed to the collision and which I find to be negligence." His granting of request No. 8 as a correct statement of law, independent of his findings of facts, was prejudicial to the plaintiff, but when coupled with the facts as he found them was a correct application of the law. The judge by this finding of facts essentially found that the plaintiff in making a turn to her left from Phillips Road into Braley Road did not pass to the right of the intersection of the center lines of said ways before turning to the left as required by G. L. c. 90, §14, which act contributed to and had a causal relation to the happening of the accident. *Mahoney v. Boston El. Ry.*, 271 Mass. 274.

We think the provisions of Chapter 90 Section 14 apply equally as well in the instant case as in any other case of intersecting ways. The triangle section in the center of the intersection was not one placed there by authorities. It was not a so-called "island"

that is evident at some intersections having curbings and attendant signs for the benefit of travellers. (See G. L. c. 90, §1, Definition of intersecting Ways.) It was not a triangular grass plot with shrubs growing on the grass plot and at the sides of the street as existed in the case of *Falk v. Carlton,* 270 Mass. 213. In the case in issue the triangular plot consisted of dirt and gravel collected by reason of traffic turning the corners. It was flat. Cars could pass over it without difficulty as the plaintiff's car did. From the evidence it would appear to be part of the road.

If, as the plaintiff contends the general finding of the judge is inconsistent with the granting of any requests, the remedy is not a report but a motion to correct the inconsistency or a motion for a new trial. *Vieira v. Balsamo,* 328 Mass. 37; *Lapp Insulator Co. v. Boston & Maine R. R.* 330 Mass. 205, 211.

There was no evidence concerning the male plaintiff. No finding was made by the judge concerning him, and no mention of him was made in the plaintiff's brief or argument.

We find no prejudicial error and entry is ordered to be made of *"Report dismissed."*

H. Hurwitz, A. Bronspiegel, for the plaintiff.
J. J. Dolan, J. P. Maguire, for the defendant.