## ALEXANDER BROWN *vs.* LAWRENCE BIGELOW.

Worcester.    September 27, 1949. — November 8, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Supplier of chattel, Dangerous article, Hay.

A defendant, whose negligence in the preparation of hay rendered it unfit and dangerous to use as food for animals and who sold the hay to a third person knowing that he was to resell it in the open market, was liable in tort to a plaintiff who bought the hay from the third person and fed it to his cattle, whereby they became ill and died; neither the fact that the hay was not "inherently" dangerous nor the fact that the plaintiff's injury was to his property rather than to his person precluded liability of the defendant.

CONTRACT OR TORT.    Writ in the Superior Court dated April 15, 1948.

A demurrer to the declaration was heard by *Donnelly,* J.

In this court the case was submitted on briefs.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff.

*M. N. Gould,* for the defendant.

WILLIAMS, J.    In this action, stated in the writ to be "contract or tort," it is alleged in the declaration that the defendant sold to one Dunkerly a quantity of hay, knowing that the same was to be resold by Dunkerly in the open market as food for animal consumption; that the defendant negligently prepared said hay so that it was not reasonably fit for food, but was dangerous to use as food in that it contained foreign and deleterious matter; that the plaintiff bought some of the hay from Dunkerly to be fed to the plaintiff's cows; and that by reason of eating the hay the plaintiff's cows became ill and died.    To this declaration the defendant demurred, alleging as cause therefor "1. That the plaintiff cannot recover upon the count in contract for the reason that the declaration does not show a contractual relation between the defendant and the plaintiff.

2. That the plaintiff cannot recover upon a count of tort for the reason that the plaintiff's declaration does not show or set forth facts that the alleged defective article was inherently dangerous, nor that it was intended to be used for human consumption." The plaintiff has appealed from an order of a judge of the Superior Court sustaining the demurrer.

We confine our consideration of the demurrer to the causes set forth in relation to a count in tort, as the declaration, which contains only one count, sounds in tort and not in contract. See *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 630; *Kenyon* v. *Chicopee*, 320 Mass. 528, 531.

Since the decision in *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, by which the instant case is governed, failure to allege that the hay was inherently dangerous is not ground for demurrer. As a result of the *Carter* case all dangerous things are brought into the same class as those termed "inherently dangerous" to which the principle of liability to persons not in privity of contract has commonly been applied.

Likewise it is not necessary to allege that the hay was intended for human consumption. The liability of the defendant for damage resulting from his negligence is not limited to personal injury. In *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64, where naphtha was sold as kerosene, the court found the defendant liable for injury to the plaintiff's home as well as to his person. See *French* v. *Vining*, 102 Mass. 132; *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 511; *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 233. It is generally held in other jurisdictions that where the supplier of a chattel is liable for personal injury he is also liable for property damage. *United States Radiator Corp.* v. *Henderson*, 68 Fed. (2d) 87 (defective furnace). *E. I. DuPont de Nemours & Co.* v. *Baridon*, 73 Fed. (2d) 26 (disinfectant for gladiolus bulbs). *Kolberg* v. *Sherwin-Williams Co.* 93 Cal. App. 609 (spray for fruit trees). *Ebers* v. *General Chemical Co.* 310 Mich. 261 (spray for fruit

trees). *Ellis* v. *Lindmark*, 177 Minn. 390 (oil for poultry). *Genesee County Patrons Fire Relief Association* v. *L. Sonneborn Sons, Inc.* 263 N. Y. 463 (waterproofing compound). *Murphy* v. *Sioux Falls Serum Co.* 44 S. D. 421 (hog serum).

The order sustaining the demurrer is reversed and an order is to be entered overruling the demurrer.

*So ordered.*