KARL'S SHOE STORES, Ltd.,

v.

UNITED SHOE MACHINERY COR-PORATION.

Civ. A. No. 56-198.

United States District Court
D. Massachusetts.

Oct. 23, 1956.

Stanley H. Rudman, Boston, Mass., for plaintiff.

Edward O. Proctor, Dever & Proctor, Boston, Mass., for defendant.

FORD, District Judge.

The substance of the claim of the plaintiff in this action, a California corporation engaged in the retail shoe business, is set forth in paragraph 4 of its complaint, which alleges:

"4. That on or about March 8, 1954, the plaintiff corporation was caused to suffer financial loss as a result of the carelessness and negligence of the defendant, its agents, servants or employees, in that the defendant did sell for use by manufacturers, a cement compound to be

used in cementing the soles of shoes to the uppers of shoes; that said cementing as it was sold by the defendant failed to have good and proper adhesive qualities; that as a result thereof the plaintiff corporation purchased shoes made with the said cement for use in its business as a retailer; that because of the defective nature of the cement as aforesaid, the shoes purchased by the plaintiff were unfit for sale to the public, as a result of which the plaintiff corporation suffered financial damages, loss of good will, loss of business and loss of revenue."

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. The principal issue raised by defendant in support of its motion is the question of whether a manufacturer is liable to a remote purchaser of its product for loss of business, revenue, or good will resulting from negligence on the part of the manufacturer in the making of its product.

Under the rule set forth in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 and adopted by Massachusetts in Carter v. Yardley & Co., Ltd., 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559, a manufacturer may be liable to a remote vendee or user of his product, not in privity of contract with him, who suffers personal injury from a product which is dangerous in its nature or in a dangerous or defective condition either to the knowledge of the manufacturer or as a result of his want of reasonable care in manufacture or inspection. The doctrine has also been extended to cases where physical injury to the property of the plaintiff rather than personal injury was involved. Brown v. Bigelow, 325 Mass. 4, 88 N.E.2d 542; Genesee County Patrons Fire Relief Ass'n v. L. Sonneborn Sons, Inc., 263 N.Y. 463, 189 N.E. 551.

No case has been found in which a manufacturer has been held liable where no personal injury or physical injury to property was involved, and the plaintiff's only complaint was of financial damage such as loss of business, revenue and good will. In New York such an extension of the MacPherson rule has been rejected. In a case closely parallel to this one, it was held that the suppliers of building lath which was defective and failed to hold plaster on the ceilings where it was used were not liable to the builder who used it for the expense of removing the plaster and lath and replastering using a different and sufficient lath. A. J. P. Contracting Corp. v. Brooklyn Builders Supply Co., 283 N. Y. 692, 28 N.E.2d 412. Similarly a defendant alleged to have installed voting machines improperly was held not liable for the financial loss incurred by a candidate in correcting errors resulting from the defective functioning of the machines. Creedon v. Automatic Voting Machine Corp., 243 App.Div. 339, 276 N.Y.S. 609, affirmed without opinion 268 N.Y. 583, 198 N.E. 415. Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425, in which a public weigher employed by the seller of beans to weigh them was held liable to the buyer for an overpayment based on an erroneous certificate as to weight, is distinguishable. The defendant in that case, while employed by the seller, was hired specifically for the benefit of the buyer who was regarded as being in effect, if not in name, a party to the contract.

The complaint in the present action alleges no personal injury to plaintiff and no injury to plaintiff's physical property. The gist of the complaint is that defendant's product lacked the adhesive qualities it should have had, and as a result the shoes in which it was used, even before they became the property of plaintiff, were of unmerchantable quality, and hence the transaction resulted in financial loss to the plaintiff. Even though this loss is alleged to have been due ultimately to the negligence of defendant, the facts set forth fail to bring this case within the limits of the decided cases extending the scope of

the liability of manufacturers to remote vendees of their products, and hence fails to state a claim upon which relief can be granted.

Defendant's motion to dismiss is allowed.