**Robert G. HOOPER, Jr. and Aida F. Hooper, Plaintiffs**

v.

**DAVIS–STANDARD CORP. and Edward J. Laffin, III, Defendants.**

and

**Davis–Standard Corp. and Edward J. Laffin, III, Third–Party Plaintiffs,**

v.

**Sentinel Products Corp., individually, and Cellect LLC, as successor in interest to Sentinel Polyolefins LLC, Third–Party Defendants.**

**No. CIV.A. 03–10329–EFH.**

United States District Court, D. Massachusetts.

April 12, 2007.

Benjamin R. Zimmermann, Sugarman and Sugarman, P.C., Robert H. Gaynor, Sloane & Walsh LLP, W. Thomas Smith, Sugarman & Sugarman, Boston, MA, for Robert G. Hooper, Jr., Aida F. Hooper, Plaintiffs.

John W. Steinmetz, Robinson & Cole, Michael D. Lurie, MacDonald Rothweiler Eisenberg LLP, Lee M. Holland, Robinson & Cole, Boston, MA, for Davis–Standard Corporation, Edward J. Laffin, Jr., Defendants.

Stephen P.H. Rachlis, Nyack, NY, John R. Bauer, Robinson & Cole LLP, Boston, MA, for Davis–Standard Corporation, Third–Party Plaintiff.

James P. Connors, James P. Connors, Barnstable, MA, Peter M. Daigle, Centerville, MA, for Sentinel Products Corporation, Davis–Standard Corporation, Cellect LLC, Third–Party Defendants.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

After oral arguments and consideration of submissions by the parties, the Court rules on the summary judgment motion of Third–Party Plaintiff Davis–Standard Corporation ("Davis–Standard") as to the counterclaims of Third–Party Defendant and Counterclaimant Sentinel Products Corporation ("Sentinel") as follows:

Davis–Standard and Sentinel are the two remaining parties in what was originally a cause of action by Plaintiff Robert

G. Hooper, Jr., against Davis–Standard, resulting from personal injuries caused in 2002 by an allegedly defective Roll Stand manufactured by Davis–Standard. All parties have now released their claims, except Davis–Standard and Sentinel with respect to each other. Davis–Standard filed its Third–Party Complaint against Sentinel on March 1, 2004, seeking Declaratory Judgment and Indemnification from Sentinel. On April 26, 2004, Sentinel answered Davis–Standard's Third–Party Complaint and asserted counterclaims against Davis–Standard. Davis–Standard has now moved for summary judgment, asserting among other things, that Sentinel's counterclaims are barred by the economic loss doctrine.

Sentinel asserted four separate counterclaims against Davis–Standard: I, breach of an implied warranty of merchantability; II, negligence; III, breach of an implied warranty for a particular purpose; and IV, violations of M.G.L. ch. 93A.[1] The gravamen of Sentinel's counterclaims against Davis–Standard is that the allegedly defective Roll–Stand manufactured by Davis–Standard failed to function properly, causing an accident to Sentinel employee Hooper, and as a result of the accident, Sentinel curtailed its use of the machine, resulting in economic losses in excess of $9.5 million.

■ In Massachusetts, claims of negligence and breach of implied warranties are strict liability claims, which in the absence of personal injury or property damage, are barred by the economic loss doctrine. *Marcil v. John Deere Indus. Equip. Co.*, 9 Mass.App.Ct. 625, 630 n. 3, 403 N.E.2d 430, 434 n. 3 (1980). *See also Cruickshank v. Clean Seas Co.*, 346 B.R. 571, 582 (D.Mass., July 13, 2006),[2] *Sebago, Inc. v. Beazer East, Inc.*, 18 F.Supp.2d 70, 89–95 (D.Mass.1998). In addition, the First Circuit has held that in the absence of personal injury or property damage, third-party plaintiffs' M.G.L. ch. 93A claims are barred by the economic loss doctrine. *Canal Electric Co. v. Westinghouse Electric Co.*, 973 F.2d 988, 998–99 (1st Cir.1992).

Sentinel concedes that the economic loss doctrine applies to implied warranty, negligence and M.G.L. ch. 93A claims;[3] however, it seeks to obviate the economic loss doctrine by resort to the exception for injury to property, arguing at the hearing that Sentinel's "involuntary surrender of intellectual property based on their inability to operate the Roll Stand for research and development" constitutes property damage. (Sentinel Products Corporation Feb. 5, 2007 Memorandum in Opposition to Davis–Standard Corporation's Motion for Summary Judgment, at 7.)

■ Such "surrender" is not an exception to the economic loss doctrine, which "draws a distinction between the situation where the injury suffered is merely the

---

1. Counsel for the Defendant represented that Counts I and III sound in implied warrantability. Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. ch. 93A(2)(a). Thus, a breach of warranty and negligence in the manufacture of a product *could* be a violation of the statute as the counterclaim here alleges.

2. The "well-reasoned report and recommendation" issued by United States Magistrate Judge Judith Gail Dein on June 23, 2006 was adopted "without objection" by Judge Patti B. Saris on July 13, 2006. Civil Action No. 03–11659–PBS, 346 B.R. at 574.

3. Defendant Sentinel sought to file an amended complaint after the summary judgment motion had been filed, almost three years after it filed its counterclaims. The amended answer sought to add counts for breach of warranty and breach of contract. The Court denied this motion on March 13, 2007.

'failure of the product to function properly,' and the situation, traditionally within the purview of tort law, where the plaintiff has been exposed, through a hazardous product, to an unreasonable risk of injury to his person or property." *Sebago*, 18 F.Supp.2d at 89 (citations omitted). The economic loss doctrine "has also been extended to cases where physical injury to the property of the plaintiff rather than personal injury was involved. No case has been found in which a manufacturer has been held liable where no personal injury or physical injury to property was involved, and the plaintiff's only complaint was of financial damage such as loss of business, revenue and good will." *Karl's Shoe Stores, Ltd. v. United Shoe Machinery Corp.*, 145 F.Supp. 376, 377 (D.Mass. 1956) (citations omitted).

The Massachusetts Appeals Court has defined economic loss as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property." *Marcil*, 9 Mass.App.Ct. at 630 n. 3, 403 N.E.2d 430 (citation omitted). In *Cruickshank*, the United States District Court applied the economic loss doctrine to enter summary judgment in favor of the defendant on negligence and breach of warranty claims. In that case, the plaintiffs purchased and resold to end users paint intended for application to boat hulls. Alleging that the paint was defective, plaintiffs brought an action against the company that formulated the paint. The plaintiffs asserted claims for, among other things, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose and negligence. Plaintiffs sought to recover costs they incurred to settling

warranty claims with end users as well as costs they incurred storing and disposing of unsold and returned paints. That court determined that the damages the plaintiffs sought to recover were purely economic and that plaintiffs' warranty and negligence claims were barred by the economic loss doctrine. *See Cruickshank*, 346 B.R. at 582 ("because there is no evidence that the paint caused damage to property belonging to the plaintiffs, other than to the paint itself, the economic loss doctrine mandates that the warranty and negligence claims should be dismissed").

Similarly, in *Sebago*, plaintiffs alleged that a thermal insulation product ("PFRI") that had been installed in the roofs of buildings owned by the plaintiffs, including a shopping center, was defective. The plaintiffs sued the manufacturers of the PFRI, alleging that the defective PFRI caused damage to the buildings, as well as lost rents and diminution of value of the shopping center. Plaintiffs asserted numerous claims, including claims for negligence and for strict liability. The court dismissed plaintiffs' negligence and strict liability claims on the grounds that plaintiffs only alleged economic loss and did not allege personal injury or damage to other property. *Sebago*, 18 F.Supp.2d at 89–95.

■ Here, as in *Cruickshank* and *Sebago*, Sentinel can only allege economic loss rather than personal injury or damage to other property. The recovery of any expenses Sentinel may have incurred for research and development is not permitted because those expenses do not constitute damage to property. Sentinel's inability to use the Roll–Stand or its forbearance in doing so after the injury to Hooper does not qualify as an exception to the economic loss doctrine. The exception applies only to tangible property,[4] and evidence of such

4. "In order to recover indirect economic damages in negligence action, plaintiff must prove that indirect economic damages arose from tangible physical injury to persons or from tangible property damage. Indirect eco-

damage is not supported by the record. Moreover, Sentinel presented no authority for its " 'intellectual property' as property" argument.

Accordingly, the economic loss doctrine dictates that the Court enter summary judgment on each of Sentinel's counter-claims. Therefore, the Court grants Plaintiff Davis–Standard's motion for summary judgment.

SO ORDERED.

nomic damages that do not arise from tangible physical injury to persons or from tangible

property damage may only be recovered in contract." 89 A.L.R.4th 11, 6b (2006).